**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

LONGZHE ZHENG,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    14-73646

Agency No. A088-290-549

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Longzhe Zheng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an omission from Zheng's declaration as to whether the police looked for him after he left China and an inconsistency between his testimony and documentary evidence as to whether he reported to the police on the same day he visited the United States consulate. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Zheng's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Zheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Zheng's CAT claim also fails because it is based on the same testimony the agency found not credible, and Zheng does not point to any other evidence in the record that compels the conclusion that it is more likely than not he

14-73646

would be tortured by or with the consent or acquiescence of the government of China.  *Id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**